THE STATE, EX REL. SOLOMON LOSICK, RELATOR, v. CHARLES BINDA, BUILDING INSPECTOR OF THE TOWNSHIP OF WEEHAWKEN, AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WEEHAWKEN, RESPONDENTS.

Submitted March 23, 1925—Decided April 18, 1925.

**Municipalities—Zoning—Allegation That Application for Mandamus is Premature Because Zoning Board of Appeals Had Not Acted—Board's Function is to Advise Governing Body, and That Body Has Acted—Case Similar to Nelson Building Co. v. Binda, Present Term, and Peremptory Writ Will be Allowed.**

On *mandamus.* On rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *Merritt Lane.*

For the respondents, *William S. Stuhr.*

PER CURIAM.

Relator is the owner of a plot of land on Park View avenue, in Weehawken. He made application to the respondent Binda, as building inspector, for a permit to erect an apartment-house upon said lands in accordance with plans and specifications prepared for such purpose, approved by the tenement-house commission.

Relator's land is in zone A, as prescribed by the zoning ordinance of Weehawken, which, by its terms, precludes the erection of any buildings except one-family dwellings.

The permit was refused for the specific reason that the proposed building is prohibited by such zoning ordinance. As we said in *Nelson Building Co.* v. *Binda,* No. 207, of this term, such regulation and prohibition is, in our opinion, unreasonable.

Respondents urge that this application is premature, under *Lutz* v. *Kaltenbach,* No. 203, January term, 1925, in that relator did not appeal to the zoning board of appeals. But the testimony seems to be that he did do so through his attorney, although this is denied. However, the power of the board of appeals seems, under the ordinance, to consist only of the right to recommend to the township committee, and it appears by the testimony of the township clerk that the action of the building inspector was approved by the township committee. It would seem, therefore, that any action by way of appeal to the zoning board of appeals would have been futile.

Respondents further urge that the application is not *bona fide,* but simply for the purpose of testing the validity of the zoning ordinance, and presents to the court a moot question only as we held in *Muelberger* v. *Wisloh,* 2 *N. J. Mis. R.* 962. There is testimony that is quite persuasive on this point, but we think the situation presented is quite different from that in *Muelberger* v. *Wisloh, supra.*

Relator urges that the zoning ordinance has no legal basis for its existence, as the statute under which it was enacted (*Pamph. L.* 1922, *ch.* 162) was repealed by *Pamph. L.* 1924, *ch.* 146. But section 6 of *Pamph. L.* 1924, *ch.* 146, continues the existence of all ordinances adopted under the act of 1922, except so far as they may be inconsistent with the provisions of the act of 1924.

As all the facts are as fully before us as if the matter were being heard under an alternative writ, the relator is entitled to and may have a peremptory writ with leave on the part of the respondents to have the pleadings molded in the event that it is desired to take an appeal.